**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5160**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

      v.

DOMINIQUE RODERICK MILLER,

              Defendant – Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  James C. Dever III,
District Judge.  (5:08-cr-00277-D-1)

Submitted:  November 30, 2010        Decided:  January 7, 2011

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Richard Croutharmel, Raleigh, North Carolina, for Appellant.
Jennifer P. May-Parker, Assistant United States Attorney,
Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dominique Roderick Miller appeals the district court's judgment imposing a sentence of 120 months in prison and three years of supervised release after he pled guilty to being a convicted felon in possession of firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006). Miller's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in his opinion, there are no meritorious grounds for appeal but raising the issues of whether Miller's guilty plea was knowing and voluntary; whether his trial attorneys rendered ineffective assistance; whether the district court correctly calculated his guideline range; whether the district court applied the correct standard of proof in finding facts used to enhance his sentence; whether prosecutorial misconduct occurred; whether the district court erred in denying a reduction for acceptance of responsibility; and whether Miller's sentence is unreasonable as disparately high in violation of 18 U.S.C. § 3553(a)(6) (2006). Miller was notified of his right to file a pro se supplemental brief but has not done so. We affirm.

Appellate counsel first questions whether Miller's guilty plea was knowing and voluntary. For a guilty plea to be valid, "[i]t must reflect 'a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" United States v. Moussaoui, 591 F.3d 263, 278 (4th Cir. 2010)

2

(quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)).  The guilty plea colloquy conducted by the district court pursuant to Fed. R. Crim. P. 11 is the avenue by which the court establishes that the defendant knowingly and voluntarily entered his guilty plea.  See United States v. Wood, 378 F.3d 342, 349 (4th Cir. 2004).  Because Miller did not move in the district court to withdraw his guilty plea, we review the Rule 11 colloquy for plain error.  See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002).  Thus, it is Miller's burden to show (1) error; (2) that is plain; (3) affecting his substantial rights; and (4) we should exercise our discretion to notice the error.  Id. at 529.  We have reviewed the record and conclude that Miller has shown no plain error affecting his substantial rights, and the district court's guilty plea colloquy in compliance with Rule 11 ensured that Miller's plea was knowing and voluntary.

Appellate counsel next questions whether Miller received ineffective assistance of counsel, but he concludes the record does not reveal any.  As acknowledged by counsel, we will only address this issue on direct appeal if the lawyer's ineffectiveness conclusively appears from the record.  See United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006).  We have reviewed the record and conclude that it does not conclusively support this claim.  Counsel also questions whether there was any prosecutorial misconduct, but he concludes Miller

3

has no argument for prosecutorial misconduct. We have reviewed the record and agree that this claim is likewise without merit.

Appellate counsel's remaining issues on appeal relate to Miller's sentence. We review a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the guideline range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). We then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. On appeal, we presume that a sentence within a properly calculated guideline range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

We have reviewed the record and conclude that the district court did not err or abuse its discretion in sentencing Miller, and his sentence is both procedurally and substantively reasonable. Because Miller used the firearm in connection with drug trafficking, his base offense level was determined based on the drug quantity for which he was responsible pursuant to U.S. Sentencing Guidelines Manual §§ 2D1.1, 2K2.1(c)(1)(A), 2X1.1 (2008). The probation officer determined he was responsible for

4

5.7 grams of cocaine hydrochloride and 210 grams of cocaine base based on his statement to police that he bought 7 to 14 grams of cocaine base every other day over a two-month period. This resulted in a final base offense level of thirty-four. After a three-level reduction for acceptance of responsibility, and with his criminal history category II, Miller's guideline range would have been 121 to 151 months. However, because of the statutory maximum, his guideline range became 120 months.

Miller objected to the drug quantity, denying his statements to police and contending he was only responsible for the 5.7 grams of cocaine hydrochloride and .9 grams of cocaine base found in the search of his home. He also requested a variance sentence below the guideline range based on his attempts to provide information to the Government, acceptance of responsibility, character letters from family and friends, and the impact that incarceration would have on his family. Finally, Miller argued that the Government was required to prove the drug quantity beyond a reasonable doubt.

At sentencing, the district court correctly ruled that a sentencing judge may find facts relevant in determining an advisory guideline range by a preponderance of the evidence. See United States v. Benkahla, 530 F.3d 300, 312 (4th Cir. 2008). The Government presented evidence of Miller's statements to law enforcement officers, and Miller testified denying those

5

statements. The district court credited the testimony of the officers, discredited Miller's testimony, and found that he had made statements that he purchased 7 to 14 grams of cocaine base every other day for over a two-month period. The district court overruled Miller's objection as to drug quantity; found his testimony at the hearing was untruthful and that he had "utterly failed to fully accept responsibility, as reflected in his perjurious testimony here"; and denied him a reduction for acceptance of responsibility. Accordingly, the district court determined Miller's total offense level was thirty-four, and with a criminal history category II, his advisory range would be 168 to 210 months. However, due to the statutory maximum, the guideline range became 120 months. In sentencing him to 120 months, the district court noted it had considered all of the statutory sentencing factors. The court took into account the variance request but did not believe a variance was appropriate in light of the serious nature of the offense, Miller's testimony at the hearing, and the totality of the record.

As to the remaining issues on appeal, we find no clear error in the district court's decision denying Miller a sentence reduction for acceptance of responsibility, because he falsely denied his previous statements regarding drug quantity. See USSG § 3E1.1 cmt. n.1 (2008); United States v. Dugger, 485 F.3d 236, 239 (4th Cir. 2007). Moreover, based on its drug quantity

6

findings, the district court properly calculated Miller's guideline range. We review counsel's argument that Miller's sentence is possibly disparately high in violation of 18 U.S.C. § 3553(a)(6) for plain error, because Miller did not make this argument in the district court. See United States v. Hargrove, ___ F.3d ___, 2010 WL 4676980, *12 (4th Cir. 2010) (plain error review applies to specific allegation of error in substantive reasonableness analysis); see also United States v. Lynn, 592 F.3d 572, 579 n.4 (4th Cir. 2010) (lodging a specific claim of error before the district court, e.g., relying on certain § 3553 factors, does not preserve for appeal a different claim of error, e.g., relying on different § 3553 factors). We conclude Miller has shown no plain error affecting substantial rights.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>